IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case 3:15CR220-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **MONEY JUDGMENT** |
| | ) | |
| (2) LAVON M. WILLIAMS | ) | |

THIS MATTER is before the Court on the United States' Motion, pursuant to Fed. R. Crim. P. 32.2, for this Court to enter a $1,500,000 forfeiture Money Judgment against Defendant. The money judgment figure represents a conservative estimate of the proceeds of the drug distribution conspiracy based on the low end (400 kilograms) of drugs distributed at a conservative price during the drug trafficking and money laundering conspiracy which Defendant conducted. For good cause shown and based on the preponderance of the evidence, this Court will GRANT the Motion. In support of granting the Motion, this Court FINDS AS FOLLOWS:

**BACKGROUND**

On February 16, 2016, a Grand Jury returned a First Superseding Bill of Indictment (Doc. 30) against Defendant and others, charging them with, among other offenses, an August 2014 through February 2015 drug trafficking conspiracy in violation of 21 U.S.C. § 846 and a money laundering conspiracy in violation of 18 U.S.C. § 1956(h). The charges stemmed from Defendant's participation in the conspiracy to move drug proceeds and drugs between North Carolina and California, and to launder the drug proceeds. As set forth in the record in this

1

case, including the Factual Basis (Doc. 72), Defendant was a major player in the conspiracies, acting on numerous occasions as an invaluable courier and money launderer between North Carolina and California. Further, as set forth in the Superseding Indictment, the Grand Jury found probable cause that the offenses generated proceeds "in the amount of at least $6,600,000 [ . . . . ]" Superseding Indictment at Doc. 30, Page 3. Ultimately, Defendant pled guilty without a plea agreement to the offenses set forth in the Superseding Indictment.

**MEMORANDUM OF LAW**

Assets constituting or derived from proceeds obtained directly or indirectly as the result of a conspiracy in violation of Title 21 are subject to criminal forfeiture. 21 U.S.C. § 853(a)(1). Further, any property involved in a conspiracy in violation of Section 1956(h) is subject to criminal forfeiture. 18 U.S.C. § 982(a)(1). Property "involved in" a violation of Section 1956(h) includes, but is not limited to, proceeds of crime. Finally, a money judgment for criminal proceeds is authorized under Fed. R. Crim. P. 32.2(b)(1)(A).

The Government's burden of proof on forfeiture is preponderance of the evidence. *United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003); *United States v. Tanner*, 61 F.3d 231, 233 (4th Cir. 1995). This Court's "determination may be based on evidence already in the record, including [ . . . ] any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2013) (court may rely on trial record to determine forfeiture). The Government may satisfy the preponderance burden by both direct and circumstantial evidence. *United States v. St. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007).

"If the government seeks a personal money judgment, the court must determine the

amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Butler*, 578 Fed. Appx. 178, 182 (4th Cir. 2014) (district court must find nexus between forfeiture calculation and crime). Proceeds include, not only the proceeds generated by the conduct of the defendant at-issue, but also any proceeds generated due to the reasonably foreseeable conduct of co-conspirators. *United States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014) (discussing proceeds calculation in conspiracy cases and also noting that forfeiture is mandatory); *United States v. Jalaram*, 599 F.3d 347, 351 (4th Cir. 2010) (discussing proceeds calculation in conspiracy cases); *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir. 1996) (discussing vicarious liability).[1]

Here, the record supports forfeiture of a $1,500,000 forfeiture money judgment. Specifically, the Grand Jury found probable cause for a $6,600,000 money judgment. Further, Defendant pled guilty to the charged offenses, and the Factual Basis sets forth a conspiracy broad in scope and involving a large amount of drugs. In addition, even when read conservatively and in the light most beneficial to Defendant, the sentencing materials reflect a large scale drug trafficking and money laundering conspiracy operated for profit. Finally, at sentencing, the United provided information and evidence on drug quantities and conservative pricing estimates that support the proceeds calculation.

IT IS, THEREFORE, ORDERED that the following is subject to forfeiture: a forfeiture money judgment in the amount of $1,500,000. Further, the United States is authorized to

---

[1] A conspirator's liability in forfeiture for proceeds received by other conspirators has been established for some time at the circuit level in many circuits, including the Fourth Circuit. Due to a new split in circuits that was created by the D.C. Circuit, the Supreme Court recently granted certiorari to decide the issue of liability in a case arising out of the Sixth Circuit. *Honeycutt v. United States*, No. 16-142 (S. Ct. Dec. 9, 2016), granting *cert.* in *United States v. Honeycutt*, 816 F.3d 362 (6th Cir. 2016).

conduct discovery, as necessary and authorized by Fed. R. Crim. P. 32.2, to satisfy the money judgment.

Signed: May 24, 2017

Frank D. Whitney
Chief United States District Judge