UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:15-CR-00220-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) ) ) **ORDER** |
| LAVON M. WILLIAMS, | ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on the Motion for Compassionate Release (Doc. No. 164). Defendant is represented by counsel. The Government opposes the motion, and the matter has been fully briefed. (Doc. Nos. 167, 169). Having carefully considered the motion and the record, the undersigned will DENY the motion.

## I. BACKGROUND

Between April of 2014 and March of 2015, Defendant served as a courier for a drug-trafficking organization transporting large quantities of marijuana and cash on commercial flights between Charlotte, North Carolina, and San Francisco, California. (Doc. 90, p. 3). Defendant is responsible for transporting 209 kilograms of marijuana over eleven trips. Id at 5.

A federal grand jury indicted Defendant and charged him with conspiracy to distribute and to possess with intent to distribute at least 100 kilograms of marijuana in violation of 21 U.S.C. § 851 ("Count One"); and money-laundering conspiracy in violation of 18 U.S.C. § 1956(h) ("Count Two"). (Doc. No. 30). Defendant pled guilty to the charges without the benefit of a plea agreement. (Doc. No. 90, p. 1). At the time Defendant committed the instant offenses, he was approximately thirty-six years old. Defendant had previously been convicted of three drug-trafficking offenses in New York, the most recent of which occurred in 2002. (Doc. 90, p. 8-9).

1

The presentence report calculated a base offense level of 26 on Count One and an offense level of 28 on Count Two (base level twenty-six plus a two-level enhancement for conviction under 18 U.S.C.§ 1956). (Doc. No. 90, p. 6-7). The presentence report classified Defendant as a career offender based on two prior trafficking offenses. Coupled with a two-level reduction for acceptance of responsibility, this gave Defendant a total offense level of thirty-five. Id at 7. Because Defendant was classified as a career offender, his criminal history category was raised from V to VI, resulting in a sentencing guideline range of 292 to 365 months. Id at 10. This Court sentenced Defendant to concurrent terms of 292 months. (Doc. No. 99). Defendant is scheduled to be released on August 26, 2036.

Defendant has committed five disciplinary infractions within the first ninety-eight months of his sentence, including an infraction for the use of drugs/alcohol. Defendant has also completed a drug education program, earned his GED, and has maintained regular employment. On March 20, 2023, Defendant filed this motion for compassionate release seeking a reduction in sentence to either time served or to 120 months. (Doc. No. 164).

## II. STANDARD OF REVIEW

Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of their sentence from the court for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended § 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023). First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction.'" Id. (quoting § 3582(c)(1)(A)(i); citing United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021)). "[D]istrict courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A); citing Kibble, 992 F.3d at 331. Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others, "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "promote respect for the law", "afford adequate deterrence," "protect the public," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir.

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

3

2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Here, the Defendant has exhausted his administrative remedies; thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release in light of the applicable § 3553(a) factors.

### III. ANALYSIS

Defendant contends the fact that he would not be a career offender if sentenced today results in an unwarranted sentence disparity that constitutes an extraordinary and compelling reason for compassionate release. Defendant argues that the § 3553(a) factors counsel in favor of a reduction to time served; alternatively, Defendant argues he should be granted compassionate release once he has served 120 months, the mandatory minimum sentence he would face if sentenced today. The Government argues against granting compassionate release on the grounds that Defendant has not established extraordinary and compelling reasons for a reduction in his sentence and that the § 3553(a) factors counsel against granting a reduction.

The Fourth Circuit has recognized that "gross" or "exceptionally dramatic" sentencing disparities between a sentence under the prior law and the current law *can* constitute "extraordinary and compelling reasons" to warrant a reduction in a sentence as imposed. United States v. McCoy, 981 F.3d 271, 274-75, 285, 288 (4th Cir. 2020) ("[T]he *enormous* disparity between [the original] sentence and the sentence a defendant would receive today *can* constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A).") (emphasis added); see also United States v. Reams, No. 1:14-CR-426-1, 2022 WL 2834341, at *4 (M.D.N.C. July 20, 2022) ("A change in sentencing law alone does not compel compassionate release.") (citing McCoy, 981 F.3d at 286), appeal dismissed, No. 22-6957, 2022 WL 18716532 (4th Cir. Nov. 16, 2022). No bright line test

4

or formulaic approach exists for determining when a disparity between sentences constitutes an "extraordinary" or "compelling" reason, with courts instead looking to a defendant's individualized circumstances. See United States v. Johnson, No. 2:08-CR-00930-DCN-7, 2023 WL 24129, at *4 (D.S.C. Jan. 3, 2023) ("[D]istrict courts have determined that an inmate failed to present extraordinary and compelling reasons for compassionate release even though he would have been subjected to a lower advisory guideline range if sentenced today." (citing United States v. Hallman, 2022 WL 4477710, at *3 (W.D.N.C. Sept. 26, 2022) (holding that even though the defendant would no longer be classified as a career offender, the sentencing disparity [between the original 360 months to life and the current range of 161 and 180 months] did not amount to an extraordinary and compelling reason because his criminal history "would likely have warranted an upward variance"); United States v. Massey, 2021 WL 4233886, at *4 (W.D.N.C. Sept. 16, 2021) (explaining that even though Hobbs Act robbery was no longer categorized as a crime of violence, the defendant's sentencing disparity [between the original range of 110 and 137 months and the current range of 70 and 87 months] was not so drastic that compassionate release was warranted); see also United States v. Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *4 (M.D.N.C. June 2, 2022) (recognizing that although the defendant would not be considered a career offender and a within-guidelines sentence would be "substantially shorter" if the defendant were sentenced today, that is "only one possible hypothetical result" in light of the plea agreement, the potential for the court to not impose a middle-of-the-range sentence, the violent crime committed by the defendant, and his "long criminal history of assaults and robberies").

Here, the changes in intervening law and sentencing guidelines were not made retroactive and therefore have no effect on the *validity* of Defendant's career offender designation. The parties nevertheless agree that, if sentenced today, Defendant would face a considerably lower advisory

5

guideline range. Defendant was sentenced to 292 months when today he would face a mandatory minimum sentence of 120 months with a guideline range of 110 to 137 months. This significant sentencing disparity of 172 months created by the fact that Defendant would no longer be classified as a career offender if sentenced today constitutes an extraordinary and compelling reason to consider compassionate release.

Having determined that an extraordinary and compelling reason exists, the Court concludes that Defendant's post-sentencing conduct and the applicable § 3553(a) factors counsel against granting compassionate release.

Defendant's disciplinary conduct while incarcerated tends to show that a sentence reduction is not appropriate in this case. Courts can consider a defendant's post-sentencing conduct in order to gain "the most up-to-date picture" of "the history and characteristics of the defendant". Pepper v. United States, 562 U.S. 476, 491 (2011). Defendant has committed five disciplinary infractions within the first ninety-eight months of his sentence, including one as recently as 2022. This is a considerable amount, especially when considering that Defendant has only served just over a third of his sentence. While none of these infractions were violent, a 2020 infraction involved the use of drugs/alcohol. (Doc. No. 164-1, p. 1). Defendant has had a disciplinary infraction in each year from 2020 to 2022. Id. This is a worrisome trend suggesting that Defendant is not yet ready to comply with the law should he be released.

Additionally, Defendant's use of prohibited substances while incarcerated is troubling considering both the offense conduct in this matter and Defendant's criminal history. The instant offense involves Defendant trafficking over 100 kilograms of marijuana, and he had previously been convicted of three drug-trafficking offenses in New York. (Doc. No. 90, p. 8-9). Defendant has also faced numerous convictions for possession of a controlled substance between 2000 and

6

2015 as well as a conviction for driving under the influence of alcohol in 2013. Id. Defendant continued use of prohibited substances while incarcerated indicates that he continues to struggle with respecting the law in regard to drugs.

To his credit, Defendant has evinced some degree of rehabilitation. The Fourth Circuit has held that district courts must provide an individualized explanation when the defendant has shown evidence of post-sentencing rehabilitation. High, 997 F.3d. at 189-190 ("[T]here are cases in which a minimal explanation suffices, while in other cases, more explanation may be necessary." (citing Chavez-Meza v. United States, 138 S. Ct. 1959 (2018))). Defendant has obtained his GED, completed drug programming, and has maintained regular employment. (Doc. No. 164-1). His BOP progress report states that he "has consistently earned above average work evaluations from his detail supervisor." (Doc. No. 164-3, p.2). While all of this is commendable, it is not enough to outweigh Defendant's frequent and serious disciplinary issues over the past few years. It is also worth noting that Defendant's drug/alcohol infraction came in 2020 despite his completion of a drug education program in 2019, (Doc. No. 164-3, p. 3), undermining the inference that participation in this program has rehabilitated him.

Defendant argues that compassionate release is appropriate in order to avoid an unwarranted sentencing disparity between Defendant's actual sentence and what he would have faced if sentenced today. While a significant sentencing disparity does exist, the change in guidelines was not made retroactive. There is therefore no problem with the validity of Defendant's original sentencing, and this Court is not bound to reducing his sentence on the grounds of a disparity alone.

Defendant also argues that this Court should consider the sentencing disparities between Defendant and his co-defendants, all of whom were given lighter sentences. Some of Defendant's co-defendants were not arrested until 2019 and faced lower sentences despite pleading guilty to

7

the same charges as Defendant. This is unpersuasive due to the fact that each sentence is made in consideration of the history and circumstances of the particular defendant. The criminal histories and circumstances of the co-defendants differ from Defendant, and any sentencing disparities are therefore not surprising. Here, Defendant's criminal history includes repeated drug trafficking offenses, and despite having served time in prison, Defendant continued his illegal activities upon release.

Reducing Defendant's sentence in the manner requested would not account for Defendant's repeated disciplinary issues while incarcerated, nor would it reflect the seriousness of Defendant's offenses or sufficiently promote respect for the law. Defendant cannot repeatedly engage in prohibited behavior while incarcerated and, on this record, expect to be released on the grounds of a non-retroactive change in sentencing guidelines.

### IV.     CONCLUSION

In addressing changes created by Congress as a result of the First Step Act, the Supreme Court has reiterated the wide discretion afforded to district judges in sentencing and in considering motions for sentence modification. "Put simply, the First Step Act does not *require* a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief. . . . All that is required is for a district court to demonstrate that it has considered the arguments before it." Concepcion v. United States, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2404–05 (2022) (emphasis added). As eloquently summarized by the Middle District of North Carolina:

> The compassionate release statute is appropriately invoked only in unusual cases or, as the Fourth Circuit put in in McCoy, the "most grievous cases." 981 F.3d at 286. It should not become a vehicle for wholesale and repeated reconsideration of sentences in violation of

the general rule of finality. See [United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010)].

Crumitie, No. 1:06-CR-271, 2022 WL 1809312, at *5; see also Concepcion, 142 S. Ct. at 2406 ("The finality of criminal judgments is essential to the operation of the criminal justice system." (Kavanaugh, J. dissenting)).

Defendant pled guilty to the instant offenses involving drug-trafficking conspiracy and money-laundering conspiracy without the benefit of a plea agreement. Notwithstanding the significant disparity between the sentence imposed and the sentence that would be imposed today, the changes in law were not made retroactive by Congress. Defendant's frequent and serious history of disciplinary violations while incarcerated, along with the seriousness of the offense and the need to deter similar conduct, outweigh Defendant's positive rehabilitation efforts and counsel against granting compassionate release. Under the current record, the sentence as imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a).

**IT IS, THEREFORE, ORDERED** that the Motion for Compassionate Release, (Doc. No. 164), is DENIED.

**IT IS SO ORDERED.**

Signed: July 26, 2023

_____
Frank D. Whitney
United States District Judge

9

Case 3:15-cr-00220-FDW-DSC   Document 170   Filed 07/27/23   Page 9 of 9